**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Renee M. Lees,

    Plaintiff,

v.

Jo Anne B. Barnhart,
Commissioner of Social Security,

    Defendant.

Civil No. 06-cv-2238 (JRT/JJG)

**REPORT**
**AND**
**RECOMMENDATION**

---

    Plaintiff Renee M. Lees ("Lees") brought this case petitioning for judicial review of the Commissioner of Social Security's (Commissioner) decision denying her application for Social Security disability benefits. The matter is before this Court on Lee's motion for summary judgment (Doc. No. 6) and on Defendant Commissioner of Social Security's ("Commissioner") cross-motion for summary judgment (Doc. No. 10). The motions are referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons set forth below, this Court recommends that the Commissioner's motion be granted and the case be dismissed with prejudice.

**I.    BACKGROUND**

    Lees is a 56 year old woman who alleges that she became unable to work as of September 21, 2003, when she was 52. (AR 70).[1] Her impairments include hip and back pain, degenerative disc

---

[1] The Court cites to the administrative record in this matter as "AR __".

disease, obesity, and diabetes. (AR 19). Lees' last job before filing for Social Security disability insurance benefits was as a home services technician in a group home for the State of Minnesota. (AR 269).

Lees visited Dr. Jed Downs, an occupational medicine doctor, four times between October 2003 and July 2005. (AR 262-271). Dr. Downs first saw Lees on October 13, 2003, for a consultative exam requested by another of Lees' doctors for the purposes of a "disability evaluation." (AR 269). Dr. Downs examined Lees and made various "estimate[s]" regarding her physical capabilities, including that "she could sit for four hours a day, stand for three, walk for three hours a day." (AR 270-71; 288-289).

Lees saw Dr. Downs again two months later, on December 11, 2003. His notes of this visit indicate that the work restrictions he recommended after Lees' prior visit in October 2003 remained accurate. (AR 268).

Dr. Downs saw Lees approximately two weeks later because "she wishes to be considered for disability status of retirement disability." (AR 265). His notes of that visit reflect his opinion that "she should predominantly be doing sedentary class work." *Id.*

Lees did not visit Dr. Downs again until July 21, 2005, over a year and a half later. (AR 262). At that visit she requested "an extension of her leave of absence" from work. (AR 262). Dr. Downs' notes reflect that Lees "has had no PT or chiropractic over the course of the past year." *Id.* He stated that, "At this juncture, I have told her that I do not feel that a repeat year's leave of absence would be appropriate given the fact that no medical intervention has taken place over the course of the past year." (AR 264). Shortly thereafter, on August 23, 2005, Dr. Downs completed a functional capacities evaluation form which indicated his opinion that Lees could stand for one hour, walk for one hour, and sit for six or seven hours in an eight hour work day. (AR 290).

Lees filed an application for Social Security disability insurance benefits on May 14, 2004. (AR 70-72). The Social Security Administration denied her initial application for benefits and her request for reconsideration of that denial. (AR 37-39, 46-48). Lees then requested an administrative hearing, which was held on December 6, 2005, in Duluth, Minnesota. (AR 339).

The Administrative Law Judge ("ALJ") issued his decision on February 3, 2006. (AR 26). He determined that Lees was severely impaired by "right hip pain secondary to trocanteric bursitis, chronic lower back pain secondary to degenerative disc disease and mechanical back pain, diabetes mellitus, hypertension and hyperlipidemia, right carpal tunnel syndrome, smoking and alcohol abuse in remission, diverticular disease, and obesity." (AR 19). He found that she was unable to perform her past relevant work as a home services technician, but determined that her residual functional capacity allowed her to perform other work in the national economy. (AR 20, 27). He, therefore, concluded that she was not under a disability as defined by the Social Security Act. *Id.*

The Appeals Council subsequently denied Lee's request for review of the ALJ's decision. (AR 6-8). Lees then filed the instant case seeking review of the Commissioner's decision to deny her disability benefits.

## II.  ANALYSIS

Lees requests that the Court review the sole issue of whether the ALJ erred in more heavily weighing the opinion of the testifying medical examiner, Dr. Koski, over that of her treating physician, Dr. Downs, in formulating her residual functional capacity (RFC).

### A. Standard of Review

When reviewing the findings of the ALJ, a court considers whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Jones ex rel. Morris v. Barnhart*, 315 F.3d 974, 977 (8th Cir. 2003). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). The court must consider evidence that both favors and detracts from the decision. *Kelley v. Callahan*, 133 F.3d 583, 587 (8th Cir. 1998). So long as more than a scintilla of evidence supports the ALJ's decision, that decision shall be affirmed, even though substantial evidence may support a contrary outcome. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001).

### B. Weighing of Medical Evidence

Lees contends that the ALJ erred in weighing the opinion of Dr. Koski, the testifying medical examiner, more heavily than that of Dr. Downs, her treating physician. The main difference in the two doctors' opinions pertains to Lees' ability to be on her feet during an eight hour work day. Dr. Downs' most recent opinion from July 2005 stated that Lees could stand one hour, walk one hour, and sit for six or seven hours during an eight hour work day. (AR 290). Dr. Koski testified that Lees could stand and walk for six hours and sit for six hours in an eight hour work day. (AR 363).

The ALJ primarily adopted Dr. Koski's recommendations with respect to Lees' RFC, including her abilities to sit, walk, and stand while at work. (AR 369).[2] Lees argues that Dr. Koski's RFC

---

[2] There is some confusion in the record regarding the stand/walk restrictions the ALJ adopted. Dr. Koski testified that Lees could "stand, walk for six out of eight, sit six out of eight...." (AR 363). The ALJ used Dr. Koski's recommendation in his hypothetical to the vocational expert regarding Lees' ability to perform other work, describing Lees' RFC as follows, "Basically light range, that is, being on her feet up

4

recommendations resulted in the ALJ's determination that she could perform light work. *Id.* She further argues that if Dr. Downs' 2005 recommendations had been accepted, she would have been limited to sedentary work, resulting in a finding that she is disabled under the Social Security Act.

A treating physician's opinion can be entitled to controlling weight in the RFC analysis. *See* 20 C.F.R. § 404.1527(d)(2). However, to be afforded controlling weight it must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and must not be "inconsistent with the other substantial evidence in your case record." *Id*. *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (stating that a treating physician's opinion "does not automatically control, since the record must be evaluated as a whole") (internal quotations and citation omitted); *Prosch v. Apfel*, 201 F.3d 1010, 1013 (2000), *reh'g and reh'g en banc denied* (8th Cir. Apr. 26, 2000) (same). An ALJ must give "good reasons" for the weight given to a treating physician's opinion. *Id.*

Here, the ALJ reasonably concluded that Dr. Downs' opinions regarding Lees' RFC were not well-supported and were inconsistent with other evidence in the record. (AR 23). The ALJ correctly noted that Dr. Downs, himself, qualified his RFC opinion by stating that he did not perform a "functional capacities evaluation but rather an estimate based on my exam only." (AR 23, 270). The ALJ reasonably emphasized that Lees did not seek any treatment or medications for her impairments during much of the time period relevant to her disability benefits application, casting doubt on the need for greater RFC

---

to six hours out of eight or sitting up to six out of eight." (AR 369). However, in his decision, the ALJ found Lees' RFC to include "sitting, standing, and walking each up to six hours of an eight hour day." (AR 20). Thus, rather than grouping sitting and standing together to total six hours out of eight, the ALJ found that Lees could do each up to six hours out of eight. However, as the ALJ used Dr. Koski's combined sit/stand recommendation when he posed the hypothetical question regarding Lees' ability to perform other work to the vocational expert, any imprecision in this regard is harmless. Lees did not argue otherwise.

5

restrictions than those Dr. Koski recommended. (AR 23, 264). He also reasoned that Dr. Downs' conclusions appeared to be based more on Lees' subjective complaints, rather than objective evidence. (AR 23). He noted that Dr. Downs' opinions were inconsistent with a report from Lees' chiropractor, in which the chiropractor noted that Lees had been able to spend most of the prior day on her feet. (AR 23, 161). Accordingly, the ALJ gave Dr. Downs' opinions little weight.

The Court finds that the ALJ's weighing of Dr. Downs' opinions was supported by substantial evidence in the record. The ALJ reasonably determined that Dr. Downs' conclusions lacked sufficient medical support and were inconsistent with the record as a whole. *See Goff*, 421 F.3d at 791; *Travis v. Astrue*, 477 F.3d 1037, 1041-1042 (8th Cir. 2007) (holding that ALJ's determination that treating physicians' opinions were not supported by objective medical evidence was within "the available zone of choice"). The ALJ also fully explained why he gave less weight to Dr. Downs' opinions and, in so doing, provided "good reasons" therefore. *See* 20 C.F.R. § 404.1527(d)(2).

This is not a case where the ALJ relied solely on medical examiner Dr. Koski's RFC recommendations. *Cf. Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). Although the ALJ stated that he gave the "greatest weight" to Dr. Koski's opinion, he also explicitly reviewed and relied on the opinions of Lees' other treating and examining medical providers. (AR 23-24).[3]

---

[3]Because the Court finds that substantial evidence supports the ALJ's weighing of the medical evidence of Lees' RFC, the Court need not reach Lees' argument that had the ALJ adopted Dr. Downs' 2005 opinion she would necessarily have been considered disabled as defined by the Social Security Act.

**III.    CONCLUSION**

Substantial evidence in the record supports the ALJ's weighing of the medical evidence in formulating Lee's RFC.  The ALJ reasonably determined that Lee's treating physician's opinions lacked medical support and were inconsistent with the record as a whole and, therefore, afforded them little weight.  He also properly set forth good reasons for doing so.

**IV.    RECOMMENDATION**

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

   A.    The Plaintiff's Motion for Summary Judgment (Doc. No. 6) be **DENIED**.

   B.    The Defendant's Motion for Summary Judgment (Doc. No. 10) be **GRANTED**.

   C.    This case be **DISMISSED WITH PREJUDICE**.


Dated this 30th day of July, 2007.                              s/Jeanne J. Graham

                                                                JEANNE J. GRAHAM
                                                                United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by August 17, 2007.  A party may respond to the objections within ten days after service.  Any objections or responses filed under this rule shall not exceed 3,500 words.  The District Court shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.